

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2014

# USA v. Carl Christopher

Precedential or Non-Precedential: Non-Precedential

Docket 13-1984

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"USA v. Carl Christopher" (2014). *2014 Decisions.* Paper 49.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/49

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1984
_____

UNITED STATES OF AMERICA

v.

CARL F. CHRISTOPHER;
CEDELLE CHRISTOPHER,

Appellants
_____

On Appeal from the District Court of the Virgin Islands
(D.C. Civil No. 1-99-cv-00196)
District Judge: Hon. Wilma A. Lewis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2013

BEFORE: FISHER, COWEN AND NYGAARD, Circuit Judges

(Filed: January 10, 2014)
_____

OPINION
_____

COWEN, Circuit Judge.

The defendant-appellants, Carl F. Christopher and Cedelle Christopher (together, "the Christophers"), appeal the grant of summary judgment against them and in favor of the plaintiff-appellee, the United States of America ("the Government"). We will affirm. Because we write primarily for the parties, we here provide only a brief recitation of the pertinent facts and procedural history.[1]

In 1981, the Government loaned the Christophers $37,450 ("the Loan") pursuant to Title V of the Housing Act of 1949 ("Title V"), 42 U.S.C. § 1471 *et seq.*[2] The Loan was secured by a promissory note ("the Note") and a mortgage ("the Mortgage"), which encumbered property owned by the Christophers ("the Property"). In May of 1990, the Christophers and the Government executed a "Reamortization and/or Deferral Agreement" for the then-unpaid balance of the Loan ("the Agreement").

The Government filed a complaint against the Christophers in 1999, raising claims for both breach of the note and foreclosure on the Property. It sought summary judgment in its favor in September of 2011,[3] and represented that the Christophers stopped making

---

[1] A comprehensive account of the facts underlying this appeal appears in *United States v. Christopher*, No. 1999-196, 2012 WL 2062360, at *1-3 (D.V.I. June 8, 2012).

[2] Title V permitted the Government "to extend financial and technical assistance through the Farmers Home Administration (FmHA) to low-income rural residents who [sought] to obtain housing." *Block v. Neal*, 460 U.S. 289, 290 (1983).

[3] That action was stayed from April of 2000 until September of 2008, and again from November of 2008 until February of 2010, pending resolution of a class action brought against the Secretary of Agriculture by Virgin Islanders who alleged "national origin discrimination in [the] administration of federal rural housing loan programs and monies." *Chiang v. Schafer*, No. 2000-04, 2008 WL 3925260, at *1 (D.V.I. Aug. 20, 2008). That suit was ultimately dismissed, and the dismissal upheld on appeal. *See generally V.I. Class Plaintiffs v. Vilsack*, 362 F. App'x 252, 252-54 (3d Cir. 2010).

payments on the Note and fell into default in August of 1997. It also represented that, as of September 7, 2011, the Christophers owed the Government $163,217.77. Interest continued to accrue.

The Christophers opposed the Government's motion, arguing that three genuine issues of material fact precluded a grant of summary judgment. Specifically, they argued that the parties disputed: (1) whether the Government fairly treated the Christophers and serviced their loan; (2) how much money, if any, the Christophers owed the Government; and (3) whether the Christophers' debt was discharged pursuant to settlement of their claim in *Pigford v. Glickman*, D.D.C. Nos. 97-1978 & 98-1693.[4] Each argument was considered and rejected by the District Court. *See Christopher*, 2012 WL 2062360, at *5-7. The District Court also independently concluded that the Government established that it was entitled to judgment as a matter of law. *See id.* at *4.[5]

"We exercise plenary review over a district court's grant of summary judgment, applying the same standard that the district court should have applied." *Klein v. Weidner*, 729 F.3d 280, 283 (3d Cir. 2013). A grant of summary judgment is appropriate where the movant establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

---

[4] *Pigford* was a class action brought against the Secretary of Agriculture by African-American who alleged violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691. *See, e.g.*, *Pigford v. Glickman*, 206 F.3d 1212, 1213-16 (D.C. Cir. 2000).

[5] The District Court had jurisdiction pursuant to 48 U.S.C. § 1612 and 28 U.S.C. § 1345. We have jurisdiction pursuant to 28 U.S.C. § 1291.

For the same reasons stated in the District Court's thorough and well-reasoned opinion, we find that the Christophers have not established a genuine dispute of material fact and conclude that that the Government is entitled to judgment as a matter of law. We will, therefore, affirm the June 8, 2012 order of the District Court, which granted the Government's motion for summary judgment.